# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSSIE HAILE GHEBRESLASSIE,<br><br>   Petitioner,<br><br>   v.<br><br>JAMES JANECKA, in his official capacity as Warden of the Adelanto Detention Facility,<br>DAVID MARIN, in his official capacity as Field Office Director of the Immigration and Customs Enforcement, and Removal Operations Los Angeles Field Office,<br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, and<br>PAMELA BONDI, in her official capacity as Attorney General of the United States,<br><br>   Respondents. | Case No. 5:25-cv-03447-JWH-DTB<br><br>**ORDER DENYING PRELIMINARY INJUNCTION AND ISSUING AN ORDER TO SHOW CAUSE REGARDING DISMISSAL OF THE PETITION** |

Before the Court is its Order to Show Cause regarding why the Court should not issue a preliminary injunction.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers,[2] the Court **DISCHARGES** the Order to Show Cause re preliminary injunction, **DENIES as moot** the request of Petitioner Mussie Haile Ghebreslassie for a preliminary injunction, and **ORDERS** Ghebreslassie to **SHOW CAUSE** why the Court should not dismiss the Petition as moot.

On December 18, 2025, Ghebreslassie filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[3] The Petition requests that the Court grant the following relief:

- issue a Writ of Habeas Corpus directing Ghebreslassie's immediate release;
- declare that Respondents James Janecka, in his official capacity as Warden of the Adelanto Detention Facility; David Marin, in his official capacity as Field Office Director of the Immigration and Customs Enforcement and Removal Operations Los Angeles Field Office; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; and Pamela Bondi, in her official capacity as Attorney General of the United States, have violated Ghebreslassie's constitutional, statutory, and regulatory rights against arbitrary and unlawful detention;

---

[1] Order Granting Petitioner's *Ex Parte* Appl. for a Temporary Restraining Order (the "OSC re Preliminary Injunction") [ECF No. 13].

[2] The Court considered the documents of record in this action, including the following papers: (1) Pl.-Pet.'s *Ex Parte* Appl. for a TRO (the "Application") [ECF No. 7]; (2) Pl.-Pet.'s Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1]; (3) Resps.-Defs.' Response (the "OSC Response") [ECF No. 15]; and (4) Pl.-Pet.'s Response (the "OSC Reply") [ECF No. 17].

[3] *See* Petition

- enjoin Respondents from detaining Ghebreslassie in the future without reasonable notice and an opportunity to be heard; and
- order such other relief as this Court determines is just and proper.

Four days later, Ghebreslassie filed an *ex parte* application for a temporary restraining order ("TRO") requesting that the Court issue a TRO affording the following relief:[4]

- enjoining Respondents from continuing to detain him and, following his release, enjoining Respondents from re-detaining him without complying with all applicable regulatory, statutory, and Constitutional requirements predicate to such detention;
- enjoining Respondents from removing him from the United States to Eritrea or any other country without first complying with all applicable regulatory, statutory, and constitutional requirements predicate to such removal; and
- waiving any bond requirement.

The Court directed Respondents to respond to the Application,[5] and, after counsel for Respondents failed to make an appearance or respond, the Court granted Ghebreslassie's Application.[6] In its Order granting the Application, the Court temporarily enjoined respondents from continuing to detain Ghebreslassie and directed Respondents to release him forthwith under the terms and conditions of his existing order of supervised release, as if Ghebreslassie had not been detained. The Court specified that its order did not provide Ghebreslassie with blanket immunity from future removal, but that any

---

[4] *See* Application.
[5] Scheduling Notice and Order [ECF No. 8].
[6] OSC re Preliminary Injunction.

future enforcement actions after release must comply with the required procedures.

Respondents again failed to respond in a timely manner to the Court's OSC re Preliminary Injunction. A day after their response was due, Respondents filed a paper in which they represented that Ghebreslassie was released from Immigration and Customs Enforcement ("ICE") custody on January 8, 2026—the same day that the Court granted Ghebreslassie's Application.[7] Respondents argue that that action moots Ghebreslassie's Petition because he has received the relief that he seeks and there is no further relief that this Court can provide.[8] Ghebreslassie replies that neither the Petition nor the request for a preliminary injunction is moot because Respondents are likely to re-arrest and re-detain him as soon as possible.[9] In support of that contention, Ghebreslassie represents that at his January 20, 2026, ICE check-in appointment he was arrested and detained and that he was released only when his brother presented this Court's TRO to ICE officials.[10]

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987) *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when the plaintiffs were already granted the relief that they sought). Further, a court has an obligation to consider mootness *sua sponte*, and it should deny the requested relief when it is superfluous. *See In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005). Here, Ghebreslassie requested *ex parte* relief in the form of

---

[7] OSC Response 2:8-10.
[8] *Id.*
[9] *See* OSC Reply.
[10] *Id.* at 3:10-21.

immediate release from custody, which he received on January 8, 2026.  The Court understands and empathizes with Ghebreslassie's concerns regarding re-detention without due process, and—despite the alleged events at Ghebreslassie's January 20, 2026, appointment—those concerns are too speculative to overcome the mootness of his request for a preliminary injunction.  *See Hernandez Trujillo v. Janecka*, 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026).  If immigration officials re-detain Ghebreslassie without due process, then he may seek appropriate relief from the Court.  However, at this stage, the Court concludes that the need for a preliminary injunction is moot.

In view of the mootness of Ghebreslassie's preliminary injunction request and his release from custody, the Court **ORDERS** Ghebreslassie to **SHOW CAUSE** why the Petition should not be dismissed as moot.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Order to Show Cause why the Court should not issue a preliminary injunction is **DISCHARGED**.

2. Ghebreslassie's Application for a preliminary injunction is **DENIED as moot**.

3. Ghebreslassie is **ORDERED** to **SHOW CAUSE** in writing by January 30, 2026, why the Court should not dismiss the entire case as moot.

4. Respondents are **GRANTED** leave to file no later than February 6, 2026, an optional reply to the Order to Show Cause re dismissal may be filed.

5. A hearing on the Order to Show Cause is **SET** for February 13, 2026, at 11:00 a.m.  Counsel of record for each party are **DIRECTED** to appear

1 | in person at that date and time in Courtroom 9D of the Ronald Reagan Federal
2 | Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.
3 |      **IT IS SO ORDERED.**

Dated: January 22, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE