# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSSIE HAILE GHEBRESLASSIE,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES JANECKA, in his official capacity as Warden of the Adelanto Detention Facility;<br>DAVID MARIN, in his official capacity as Field Office Director of the Immigration and Customs Enforcement, and Removal Operations Los Angeles Field Office;<br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and<br>PAMELA BONDI, in her official capacity as Attorney General of the United States,<br><br>    Respondents. | Case No. 5:25-cv-03447-JWH-DTB<br><br>**ORDER DISMISSING THE CASE AS MOOT** |

## I. BACKGROUND

On December 18, 2025, Petitioner Mussie Haile Ghebreslassie filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The Petition requests that the Court grant the following relief:

- issue a Writ of Habeas Corpus directing Ghebreslassie's immediate release;
- declare that Respondents James Janecka, in his official capacity as Warden of the Adelanto Detention Facility; David Marin, in his official capacity as Field Office Director of the Immigration and Customs Enforcement and Removal Operations Los Angeles Field Office; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; and Pamela Bondi, in her official capacity as Attorney General of the United States, have violated Ghebreslassie's constitutional, statutory, and regulatory rights against arbitrary and unlawful detention;
- enjoin Respondents from detaining Ghebreslassie in the future without reasonable notice and an opportunity to be heard; and
- order such other relief as this Court determines is just and proper.

Four days later, Ghebreslassie filed an *ex parte* application for a temporary restraining order ("TRO") requesting that the Court issue a TRO affording the following relief:[2]

- enjoining Respondents from continuing to detain him and, following his release, enjoining Respondents from re-detaining him without complying with all applicable regulatory, statutory, and Constitutional requirements predicate to such detention;

---

[1]  *See* Pl.-Pet.'s Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1].

[2]  *See* Pl.-Pet.'s *Ex Parte* Appl. for a TRO (the "Application") [ECF No. 7].

- enjoining Respondents from removing him from the United States to Eritrea or any other country without first complying with all applicable regulatory, statutory, and constitutional requirements predicate to such removal; and
- waiving any bond requirement.

The Court directed Respondents to respond to the Application,[3] and, after counsel for Respondents failed to make an appearance or respond, the Court granted Ghebreslassie's Application.[4] In its Order granting the Application, the Court temporarily enjoined Respondents from continuing to detain Ghebreslassie and directed Respondents to release him forthwith under the terms and conditions of his existing order of supervised release, as if Ghebreslassie had not been detained. The Court specified that its order did not provide Ghebreslassie with blanket immunity from future removal, but that any future enforcement actions after release must comply with the requisite procedures.

Respondents again failed to respond in a timely manner to the Court's Order to Show Cause regarding the issuance of a preliminary injunction. A day after their response was due, Respondents filed a paper in which they represented that Ghebreslassie was released from Immigration and Customs Enforcement ("ICE") custody on January 8, 2026—the same day that the Court granted Ghebreslassie's Application.[5] Respondents argued that that action moots Ghebreslassie's Petition because he has received the relief that he seeks and there is no further relief that this Court can provide.[6] Ghebreslassie

---

[3] Scheduling Notice and Order [ECF No. 8].
[4] Order Granting the Application [ECF No. 13].
[5] See Resps.-Defs.' Response [ECF No. 15].
[6] Id.

replied that neither his Petition nor his request for a preliminary injunction is moot because Respondents are likely to re-arrest and re-detain him as soon as possible.[7] In support of that contention, Ghebreslassie represents that at his January 20, 2026, ICE check-in appointment he was arrested and detained and that he was released only when his brother presented this Court's TRO to ICE officials.[8]

The Court denied the preliminary injunction and issued an Order to Show Cause why the Court should not dismiss Ghebreslassie's Petition as moot.[9] Ghebreslassie did not timely respond to that Order to Show Cause.

## II.  LEGAL STANDARD

Federal courts have limited jurisdiction, possessing only the power authorized by Article III of the Constitution and the related statutes that Congress has passed. *See Espinoza v. Union of Am. Physicians & Dentists, AFSCME Loc. 206*, 562 F. Supp. 3d 904, 910 (C.D. Cal. 2022), *aff'd*, 2023 WL 6971456 (9th Cir. Oct. 23, 2023) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  Standing is a jurisdictional limitation and is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotation omitted).  A case is moot when:  (1) "the issues presented are no longer live"; or (2) the parties lack a "legally cognizable interest in the outcome." *Id.*  When a

---

[7]   *See* Pl.-Pet.'s Response [ECF No. 17].
[8]   *Id.* at 3:10-21.
[9]   *See* Order Denying Prelim. Inj. and Issuing an Order to Show Cause re Dismissal of the Petition [ECF No. 18].

case becomes moot, the court is "required to dismiss it." *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997).

### III.  ANALYSIS

The Court concludes that this case moot.  Through his Petition, Ghebreslassie seeks a Writ of Habeas Corpus ordering, *inter alia*, Respondents to release him immediately.[10]  Respondents have released Ghebreslassie.  In view of Respondents' representation of mootness, as well as the absence of a response from Ghebreslassie, the Court concludes that the issue in the instant Petition is no longer live and, therefore, that the instant Petition is moot.  *See Geraghty*, 445 U.S. at 396.

### IV.  DISPOSITION

For those reasons, the Court hereby **ORDERS** as follows:

1. This action is **DISMISSED as moot**.

2. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated:  February 12, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[10]  *See generally* Petition.